**FILED**

UNITED STATES DISTRICT COURT

APR 06 2012

FOR THE DISTRICT OF SOUTH DAKOTA


CLERK

SOUTHERN DIVISION

| | |
|---|---|
| DONETHIA HARRIS, ) | CIV 12-4062 |
| Plaintiff, ) | |
| VS ) | **COMPLAINT** |
| MIDCONTINENT COMMUNICATIONS, ) | |
| Defendant. ) | |

Jurisdiction

(1) This is a sex discrimination in employment claim arising under Title VII of the Civil Rights Act of 1964.

(2) Plaintiff Donethia Harris ("Harris") is an adult female residing in Sioux Falls, South Dakota.

(3) Defendant Midcontinent Communications ("Midcontinent") is a business operating in Sioux Falls, South Dakota.

(4) Harris filed a charge of discrimination with the South Dakota Division of Human Rights on June 14, 2011.

(5) Harris received her Notice of Right to Sue on January 11, 2012.

(6) This court has jurisdiction to hear this claim because it is arising under federal law, specifically under Title VII of the Civil Rights Act of 1964.

Factual Allegations

(7) Harris was hired by Midcontinent Communication in its Sioux Falls call center in March 2008.

1

(8) Harris performed her job in a manner that met Midcontinent's expectations.

(9) In 2010, Harris became pregnant and continued to work. She was granted intermittent FMLA leave during her pregnancy to accommodate the medical difficulties she was having with her pregnancy.

(10) In October 2010, Harris suffered further complications with her pregnancy and requested a leave of absence under Midcontinent policies because her remaining FMLA leave was not going to be sufficient to cover her anticipated hospitalization period.

(11) Midcontinent denied Harris' October 25, 2010 request for a personal leave of absence based on "business needs."

(12) On October 28, 2010, Midcontinent advised Harris that her employment would end if she was not able to return to work at the conclusion of her FMLA leave but welcomed her to apply for open positions with Midcontinent in the future.

(13) Harris was terminated by Midcontinent on October 29, 2010.

(14) Beginning in December 2010, Harris applied for a number of advertised full-time positions with Midcontinent, including the same job she had held before her termination.

(15) Harris was qualified fro the jobs she applied for.

(16) Harris was not interviewed for any of the positions that she applied for at Midcontinent.

(17) When Harris contacted Midcontinent to inquire why she was not being interviewed for open positions, the Human Resources representative suggested that because Harris had child care concerns, Harris should apply for jobs at places that had a more flexible work schedule than Midcontinent.

## COUNT I:
## SEX DISCRIMINATION
### Violation of Title VII of the Civil Rights Act of 1964

(18) Harris, as a female, is a member of a protected class.

(19) Midcontinent was aware that Harris had a pregnancy and delivered her child in 2010.

(20) After Harris' child was born, when Harris reapplied for open positions at Midcontinent, she was treated differently from other potential employees in the employment process because of Midcontinent's assumptions about her child care needs.

(21) Though Harris was applying for full-time work and had not requested an accommodated schedule, Midcontinent's recruitment agent told Harris that she should apply for jobs with other employers who offered flexible schedules.

(22) Midcontinent's suggestion that Harris should be seeking part-time work with other employers was based upon its assumptions and stereotypes about gender, specifically its view of female workers who have young children.

(23) The jobs that Harris applied for were either left open or filled by employees who Midcontinent did not view as being responsible to provide child care.

(24) Harris has suffered loss of employment, loss of wages, anxiety and emotional distress as a result of Midcontinent's refusal to consider her for employment because of her status as a mother.

(25) Midcontinent's actions were willful and designed to discourage Harris from continuing to apply for employment with Midcontinent.

WHEREFORE, Donethia Harris prays for a judgment against Midcontinent Communications as follows:

a. For a trial by jury on the merits of her claims;

b. For compensatory damages in such amount as the evidence at trial may show;

c. For punitive damages in such an amount as the evidence at trial may show;

d. For costs and disbursements incurred herein, including back wages, prejudgment interest and reasonable attorney fees; for such other and further relief as the Court may deem just.

Dated this _____ day of April, 2012.

Johnson Pochop Law Office

_____
Stephanie E. Pochop
P.O. Box 149
Gregory, SD 57533
Attorney for Plaintiff Donethia Harris