FILED
JUN 15 2012
CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | | |
|---|---|---|
| DONETHIA HARRIS, | ) | CIV. 12-4062-KES |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | SCHEDULING ORDER |
| | ) | |
| MIDCONTINENT COMMUNICATIONS, | ) | |
| | ) | |
| Defendant. | ) | |

Counsel for the parties held a planning meeting in compliance with Fed. R. Civ. P. 26(f) and submitted a report thereon. Therefore,

IT IS ORDERED THAT:

1. The Local Civil Rules of Practice of the United States District Court for the District of South Dakota ("Local Civil Rules") apply to this case where not inconsistent with the Federal Rules of Civil Procedure. Counsel are expected to read the Local Civil Rules and be mindful of the underlying purpose of the Federal Rules of Civil Procedure, as set forth in Rule 1 of those Rules, "to secure the just, speedy, and inexpensive determination of every action and proceeding."

2. All prediscovery disclosures required by Rule 26(a)(1) will be exchanged by the parties, but not filed with the court, on or before **July 13, 2012**.

3. The parties will have until **August 13, 2012**, to move to join additional parties and to amend the pleadings.

4. All discovery, including expert discovery, will be commenced in time to be completed by **December 31, 2012**. A maximum of twenty-five

interrogatories by each party will be allowed, and responses thereto will be due thirty days after service. Discovery responses must be supplemented as additional information becomes available. Disputes with regard to discovery will be called immediately to the court's attention by the making of an appropriate motion and will not be relied upon by any party as a justification for not adhering to this pretrial schedule.

5. Motions to compel discovery should be filed within fourteen days after the subject matter of the motion arises. Motions to compel discovery will not be filed until the parties have complied with D.S.D. LR 37.1.

6. There will be a maximum of ten depositions for each party, excluding depositions of experts. Depositions will be limited to seven hours.

7. The identity of and reports from retained experts under Rule 26(a)(2) will be due from plaintiff by **July 2, 2012**, and from defendant by **September 28, 2012**; any supplementations thereto under Rule 26(e) will be due twenty days prior to trial. Disclosures and reports under Rule 26(a)(2) are not filed with the Clerk. Any expert not so designated will not be permitted to testify at trial.

8. Each party's disclosure will identify each expert and state the subject matter on which the expert is expected to testify. The disclosure will be accompanied by a written report prepared and signed by the witness. As required by Fed. R. Civ. P. 26(a)(2)(B), the report will contain:

    a. a complete statement of all opinions the witness will express and the basis and reasons for them;

    b. the facts or data considered by the witness in forming them;

    c. any exhibits that will be used to summarize or support them;

    d. the witness's qualifications, including a list of all publications authored in the previous 10 years.

    e. a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and

    f. a statement of the compensation to be paid for the study and testimony in the case.

9. All motions, other than motions in limine, together with supporting briefs, will be filed and served on or before **January 31, 2013**. Opposing parties will file and serve answering materials and briefs within twenty-one days. Reply briefs will be filed and served within fourteen days.

10. The parties will promptly contact a magistrate judge so that the possibility of settlement discussion with the assistance of a magistrate judge can be pursued.

11. The schedule herein may be modified by the court only upon formal motion and a showing of good cause.

Dated June 15, 2012.

                              BY THE COURT:

                              /s/ Karen E. Schreier
                              KAREN E. SCHREIER
                              CHIEF JUDGE